UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGER HOOKER, on behalf
of himself and all others
similarly situated,

    Plaintiff,

v.                                Case No. 13-12369

                                  HON. TERRENCE G. BERG

GREYSTONE ALLIANCE, LLC,
and TURNING POINT CAPITAL,
INC.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. 19) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO CERTIFY CLASS (DKT. 4)**

      Plaintiff Rodger Hooker ("Plaintiff") seeks to bring a class action under the Fair Debt Collection Practices Act against Defendants Turning Point Capital, Inc., and Greystone Alliance, LLC ("Defendants"). Before the Court are Plaintiff's motions for leave to file a third amended complaint (Dkt. 19) and for class certification (Dkt. 4). Oral argument will not significantly aid the decision-making process, thus these motions will be decided upon consideration of the briefs alone. *See* E.D. Mich. LR(f)(2). Defendants filed no timely response to Plaintiff's motion for leave to amend, which is therefore unopposed. *See* E.D. Mich. LR 7.1(e)(2).

      Plaintiff had originally sued Defendant Turning Point Capital, Inc. ("Turning Point"), on behalf of himself and all others similarly situated, in a complaint filed on

May 29, 2013.  In June 2013, Plaintiff learned that Turning Point merged with Greystone Alliance, LLC ("Greystone").  After this merger, Plaintiff learned that Turning Point ceased to exist and Greystone and Turning Point began operating under the name of Greystone Alliance, LLC.

On or about August 7, 2013, in light of the merger between Turning Point and Greystone, Plaintiff filed a first amended complaint, naming Greystone as the sole Defendant (Dkt. 6).  After the first amended complaint was filed, Plaintiff discovered additional information relative to the merger between Greystone and Turning Point.  Specifically, pursuant to a protective order entered in this case, Greystone disclosed to Plaintiff a copy of a Contribution Agreement between Turning Point and Greystone.  Greystone entered into the Contribution Agreement on June 8, 2013 with Turning Point, Progeny RMB ("Progeny"), John C. Manley Jr., and Robert P. Manley, both of whom are individuals and shareholders of Progeny.  Under the Contribution Agreement, Progeny was the sole shareholder of Turning Point; and, John C. Manley Jr., and Robert P. Manley were the sole shareholders of Progeny.  Turning Point contributed certain assets to Greystone, in exchange for the ownership interest in Greystone issued to Progeny and, in turn, Progeny's shareholders.  The Contribution Agreement contained mutual indemnification clauses, pursuant to which *Turning Point*, Progeny, and Progeny's shareholders agreed to defend and indemnify Greystone from all claims arising from or relating to Turning Point's, Progeny's, and Progeny's shareholders' conduct prior to the closing date of the Contribution Agreement, while at the same time *Greystone*

2

agreed to defend and indemnify Turning Point, Progeny, and Progeny's shareholders from all claims arising from or relating to Greystone's conduct prior to the closing date of the Contribution Agreement.

Based on this information, Plaintiff filed a motion for leave to file a second amended complaint, seeking to add Turning Point, Progeny, John C. Manley Jr., and Robert P. Manley as Defendants (Dkt. 15).  On December 31, 2013, Greystone filed a response in opposition to Plaintiff's motion (Dkt. 16).  On January 8, 2014, after receiving Greystone's response brief, Plaintiff withdrew his motion for leave to file a second amended complaint (Dkt. 18).  Based on a review of the Contribution Agreement between Greystone and Turning Point, it now appears to Plaintiff that Turning Point could still be liable for the alleged injury sustained by Plaintiff, and all others similarly situated, and thus is an appropriate party to the present matter.

Plaintiff now moves for leave to file a third amended complaint.  Plaintiff seeks to amend his complaint to re-name Turning Point Capital as a Defendant in this matter, in addition to Greystone.  The allegations included in Plaintiff's proposed third amended complaint: (i) clarify factual circumstances previously pleaded; (ii) expound upon legal theories previously delineated; and (iii) assert claims that arise from the same set of operative facts as those previously set forth.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, amendments

3

should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Applying this standard, the Court finds that granting Plaintiff leave to amend to file a third amended complaint is appropriate. There is no undue delay, lack of notice, bad faith, repeated failure to cure deficiencies or undue prejudice to Defendants. Accordingly, Plaintiff's proposed third amended complaint (Dkt. 19, Ex. 1) is accepted for filing and Defendants are directed to file responsive pleadings to the third amended complaint within the time limits set forth in Fed. R. Civ. P. 12(a).

As to Plaintiff's motion to certify class (Dkt. 4), since this motion is premised upon the allegations set forth in the original complaint (Dkt. 1), that motion is denied, without prejudice. Plaintiff is directed to re-file a new motion to certify class, based upon the allegations contained in the third amended complaint, which are materially different from the allegations contained in the original complaint.

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2014

**Certificate of Service**

I hereby certify that this Order was electronically submitted on March 14, 2014, using the CM/ECF system, which will send notification to each party.

                                          By: s/H. Monda for A. Chubb
                                                 Case Manager